**In re NEWPORT OFFSHORE, LTD., Debtor.**

**NEWPORT OFFSHORE, LTD., Plaintiff,**

v.

**BOSTON FUEL TRANSPORTATION, INC., Defendant.**

**Bankruptcy No. 8500723.
Adv. No. 860017.**

United States Bankruptcy Court,
D. Rhode Island.

Sept. 29, 1986.

---

John P. McGann, Coffey, McGovern, Noel & Neal, Ltd., Providence, R.I., for plaintiff.

Matthew J. McGowan, Salter, McGowan, Swartz & Holden, Providence, R.I., for defendant.

## DECISION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on May 9, 1986 on the complaint of Newport Offshore, Ltd. (NOL) to recover $8,950 from Boston Fuel Transportation, Inc. (BFT) for $1,200 for repair work allegedly performed by the debtor on one of defendant's barges, and towing charges of $7,750. *See* Plaintiff's Exhibits A, D, E.

After a lengthy hearing, at which most of the testimony was conflicting and in sharp disagreement, and based on the credible testimony and the documentary evidence of record, we make the following findings of fact and conclusions of law:[1]

1. Prior to March 1985, NOL agreed to perform routine maintenance and repair work on a Boston Fuel barge (BFT 300).

These parties had not done business previously.

2. On March 4, 1985, BFT used one of its own tugs to transport the barge from Boston to NOL's repair facility in Newport.

3. NOL was aware that BFT operated a large fleet of vessels, including several tugboats.

4. NOL began work on defendant's barge on March 5, and completed the job on March 11, 1985. While that work was being done, BFT contracted for the barge to be towed from Newport back to Boston, by Eastern Towboat Company, at a price of $2,000. *See* Defendant's Exhibits 2, 6.

5. On March 10, 1985 Vince Tibbets, Vice President of BFT (whose responsibilities include coordinating transport of Boston Fuel's equipment) informed Kammy Akaka (deceased), former production manager of NOL, of the towing arrangements.

6. Without consulting with, or obtaining authorization from anyone at BFT, NOL hired the Providence Steamboat Company to tow the BFT 300 to Boston, for $7,750. *See* Plaintiff's Exhibit B.

7. On March 11, 1985, the 3000 horsepower tug "Reliance," operated by Providence Steamboat Company, picked up the BFT 300 in Newport and towed it to Boston, arriving sometime on March 12.

8. A tug the size of "Reliance" was not necessary to transport the BFT 300 from Newport to Boston.

9. NOL sent an invoice to Boston Fuel, dated March 26, 1985, in the amount of $23,388.58. *See* Plaintiff's Exhibit A2.

10. Defendant disputed the amount of the March 26 bill, and sometime in April 1985, Kammy Akaka informed Mel Gouthro, BFT's marine superintendent, that the bill would be reduced by $1,200, the cost of three "laydays" for which Akaka agreed BFT had been improperly charged. *See* Plaintiff's Exhibit A3; Defendant's Exhibits 3, 8.

11. By check dated April 12, 1985, Newport Offshore was paid $22,188.58 by the

---

1. *See* Bankruptcy Rule 7052 and Fed.R.Civ.P. 52.

**598**

defendant ($1,200 less than the invoiced amount). The check includes the notation "as adjusted." *See* Plaintiff's Exhibits A3, D; Defendant's Exhibits 1, 3.

■ With respect to the question of defendant's liability for the cost of towing, NOL acknowledged, through its Vice President Robert Connell, that it does "very little work with towing companies, so a request for towing services does raise a lot of eyebrows." See Plaintiff's Exhibit C. Because the parties did not negotiate or reach an agreement as to how the BFT 300 would be transported from Newport to Boston, we find that plaintiff's unilateral decision to hire Providence Steamboat was unauthorized, and, in the circumstances before us, unreasonable. NOL, therefore, and *not* BFT is responsible for payment of the $7,750 charged by Providence Steamboat. *See* Exhibit B.

■ Although NOL is not entitled to recover $7,750 from BFT, Boston Fuel is obligated to reimburse the debtor for the reasonable *value* of the towing service provided. *See Iacomini v. Liberty Mutual Ins. Co.*, 497 A.2d 854 (N.H.1985); *In re MBA, Inc.*, 51 B.R. 966 (Bankr.E.D.Va. 1985). Here, Boston Fuel has received the benefit of towing services from Newport to Boston, but only to the extent of $2,000, *see* Defendant's Post-trial Brief at 11, the amount it would have paid to Eastern Towboat to transport the barge from Newport to Boston, had NOL not wrongfully interceded. Accordingly, BFT owes NOL $2,000.

The evidence is equally convincing (in fact, overwhelming) that NOL agreed to reduce the bill to BFT by $1,200, the cost of three laydays improperly charged. *See* Plaintiff's Exhibit A3; Defendant's Exhibits 3, 8. Based on the above findings and conclusions, NOL is entitled to a judgment in the amount of $2,000.[2] The remainder

of NOL's claim against BFT is denied. Enter judgment within 10 days.

---

**2.** Considering the paucity of evidence introduced in support of NOL's claim, and in light of counsel's failure to articulate a legal basis for recovery, the soundness of the decision to bring this matter to trial is questionable. The time, cost, and effort expended by the debtor in pressing this claim was not warranted, and that fact may not be overlooked when we review the fee application of debtor's counsel, which should be based, in part, on time expended that was "reasonable and necessary."